**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**DARION GIVENS**                                                                                        **PLAINTIFF**

**v.**                                                                   **Civil Action No.: 3:20-cv-42-TSL-RHW**

**HINDS COUNTY, MISSISSIPPI,
SHERIFF LEE VANCE, IN HIS
OFFICIAL CAPACITY, AND DETENTION
OFFICERS JOHN DOES 1-6, ALL IN THEIR
INDIVIDUAL AND OFFICIAL CAPACITIES
REPRESENTING CORRECTIONAL OFFICERS
OF THE HINDS COUNTY DETENTION CENTER –
RAYMOND AND/OR OTHER EMPLOYEES,
INCLUDING SUPERVISORY OFFICIALS WHOSE
IDENTITIES ARE CURRENTLY UNKNOWN**                                  **DEFENDANTS**

---

**AMENDED COMPLAINT**
(Jury Trial Demanded)

---

COMES NOW, Plaintiff Darion Givens, by counsel, and files this his *Amended Complaint* against Hinds County, Mississippi, Sheriff Lee Vance, in his official capacity, and Detention Officers "John Does" 1-6, in their individual and official capacities, to recover actual and punitive damages (against the individually named Defendants) for the Defendants' intentional violation of Darion Givens' Fourth (4th), Fifth (5th) Eighth (8th) and Fourteenth (14th) Amendment rights to be free from cruel and unusual punishment, made actionable pursuant to 42 U.S.C. §1983, <u>Monell</u> violations, attorney's fees pursuant to 42 U.S.C. §1988, and also the common law right to be free from county law enforcement/correctional officers evincing reckless disregard for the Plaintiff made actionable pursuant to the Mississippi Tort Claims Act ("MTCA"), and Mississippi common law and would show unto the Honorable Court the following, to wit:

**PARTIES**

1. Plaintiff is an adult resident citizen of the State of Mississippi. He is an inmate at Hinds County Detention Center – Raymond, MS.

2. Defendant Hinds County, Mississippi ("Hinds Co.") is a state entity which may be served with process of service on the Hinds County Chancery Clerk, Eddie Jean Carr, located at 316 S. President Street, Jackson, MS 39201.

3. Defendant Sheriff Lee Vance ("Sheriff Vance") is an adult resident citizen of the State of Mississippi, employed with Hinds County, and he may be served with process at 407 E. Pascagoula Street, Jackson, MS 39201.

4. Defendant Correctional Officers John Does 1-6 ("Does") are adult resident citizens of the State of Mississippi, employed by Hinds County and they may be served with process at their place of employment, Hinds County Detention Center, located at 1450 County Farm Road, Raymond, MS 39154.

**JURISDICTION and VENUE**

5. This action is being brought pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343 (1-4), and 2202 as this case involves a Federal Question based on Plaintiff's protected rights under the Constitution particularly the 4th, 8th and 14th Amendments and 42 U.S.C. §1983, §1988 and Monell. Plaintiff further invokes the supplemental jurisdiction of this Court to adjudicate State law claims pursuant to 28 U.S.C. §1367. These pendent state law claims include, without limitation, Title 11, Chapter 46, known as the Mississippi Tort Claims Act, common law claims of negligence and intentional torts.

6. Venue is proper in the Southern District of Mississippi, pursuant to 28 U.S.C. §1391 since the actions complained of giving rise to this claim occurred in this judicial district. The matter in controversy exclusive of interests and costs exceeds $100,000.00 (One Hundred Thousand Dollars).

## STATEMENTS

7. Plaintiff Darion Givens was an inmate of Defendant Hinds County Detention Center – Raymond on March 26, 2019. Later that day, correctional officers of Hinds County administered a brutal beating to Mr. Givens using excessive force. Defendant Correctional Officer John Does 1-6 brutally beat and tortured Mr. Givens, while in his cell, causing him to sustain broken ribs, a broken nose, contusions, abraisons, and psychological issues. During the course of this unconstitutional assault, not one single correctional officer or official attempted to stop the attack, or intercede to prevent further abuse after Mr. Givens was obviously seriously injured. This unconscionable conduct violated both Federal and State Law. Justice for these acts is sought by this lawsuit.

## FACTS

8. The actions involved in this case are the result of the practices, policies and/or customs of Defendants Hinds County, Mississippi, Sheriff Vance, and Hinds' County employees including the Correctional Officers, other supervisory officials, and/or other employees in the operation of Hinds County Detention Center – Raymond.

9. This is a claim for Federal law violations, State law negligence, and intentional torts by Plaintiff. These violations caused pain and suffering to Darion Givens on March 26, 2019.

10. Plaintiff was not made safe by employees of Hinds County while in their custody. Rather, Defendants "John Does" correctional officers of Hinds County breached their duty to monitor, care for, and provide necessary medical attention to Darion Givens. By doing so, Defendants were deliberately indifferent to Darion Givens' constitutional rights, physical welfare and ultimately his life.

11. Specifically, during his incarceration on March 26, 2019, Mr. Givens was inside his cell not committing any crime or infraction when Defendant "John Does" entered the cell and viciously began to attack Mr. Givens.

12. Plaintiff was struck in various places on his body by the Defendant "John Does," resulting in him suffering broken ribs, a broken nose, contusions, and abrasions to his body as a whole.

13. As a result of these injuries, Plaintiff was in desperate need for immediate medical assistance. Nevertheless, he was deliberately ignored for two days by the "John Doe" correctional officers, despite constant complaints of pains.

14. As a result, under long-standing custom, practice and/or unwritten policy of Defendants Hinds County, Mississippi, Sheriff Vance, and Does, Darion Givens was subjected to excessive force, due process violations, and/or cruel and unusual punishment meant to teach him and other inmates at the Hinds County Detention Center – Raymond that the Correctional Officers were in charge.

15. No correctional officer, employee, or other detention center employee attempted to stop the beating and assault of Darion Givens despite knowing about the horrible, obvious and life threatening injuries he received.

16. At all relevant times, Defendant Sheriff Vance was the commanding officer for Hinds County Detention Center – Raymond, and he was responsible for the actions and/or omissions of the aforementioned correctional officers. They were also responsible for insuring that Mr. Givens was kept safe. Sheriff Vance failed to keep Darion Givens safe from harm caused by the acts of those under his command.

17. The resulting injuries sustained by Darion Givens were caused solely by the Defendants, in violation of Mr. Givens' Civil and Constitutional rights, Mississippi State law and without any cause, provocation, or negligence on the part of Mr. Givens contributing thereto.

## FIRST CAUSE OF ACTION
### (Excessive Force, Violation of Due Process and Cruel and Unusual Punishment under 42 U.S.C. §1983)

18. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 17, inclusive, as if fully set forth herein.

19. Defendant "John Does" that entered Mr. Givens' cell violated his due process rights, used excessive physical force, and/or exerted cruel and unusual punishment in entering Mr. Givens cell and viciously attacking him while he was defenseless. These acts were unconstitutional in violation of Mr. Givens' 4th, 5th, 8th and 14th Amendment Rights. The treatment endured by Plaintiff was a violation of his due process rights to be free from cruel and unusual punishment and excessive force.

20. As a result, Mr. Givens suffered serious injuries, pain and suffering, fear of impending death, loss of enjoyment of life, and mental anguish/paranoia.

## SECOND CAUSE OF ACTION
### (Monell under 42 U.S.C. §1983)

21. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 20, inclusive, as if fully set forth herein.

22. At all relevant times, Defendant Hinds County and Sheriff Vance maintained a custom, practice and/or policy of beating and using excessive force against prisoners who in the opinion of Detention Center employees exhibited signs of disrespect, recalcitrance or other types of resistance. Instead of simply punishing this type of behavior with non-physical, non-forceful disciplinary measures, Hinds County detention officers routinely used excessive force, barbaric measures and cruel and unusual punishment against prisoners similar to Darion Givens.

23. This policy, custom and/or practice is deliberately indifferent to the constitutional rights of individuals like Plaintiff herein and allowed for the individually-named Defendants to deprive the Plaintiff of his rights under both Federal and State law.

24. As a result of the foregoing, the Plaintiff was needlessly injured.

25. Upon information and belief, the individually-named Hinds County Detention Center personnel including "John Does 1-6" that beat Mr. Givens without giving him medical care were improperly trained, supervised and retained in violation of the standards set out by the <u>Monell</u> doctrine. Furthermore, these individually-named Defendants responsible for Mr. Givens' injuries had prior histories of using excessive force and were known threats to members of the public and therefore improperly retained.

26. As a result of the Defendants' deliberate indifference to its training, supervisory and retention of the Defendant jailers, officers, sergeants and Detention Center personnel, the Plaintiff was caused to suffer grave injuries, without fault or contribution by the Plaintiff.

### **THIRD CAUSE OF ACTION**

**(Negligent Training, Supervision and Retention as to the Defendants Hinds County and Sheriff Vance)**

27. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 thorugh 26, inclusive, as if fully set forth herein.

28. At all relevant times, Defendant Hinds County and Defendant Sheriff Vance had a duty to screen applicants for hire to its Detention Center, retention to its Detention Center or to discharge from its employ those employees who were not fit, suitable, properly trained and instructed, that constituted a potential menace, hazard, or danger to the public, those with vicious propensities and those with emotional, physical, psychological, racist, biased and/or physiological traits or characteristics unsuitable, unstable, or contraindicated for such employment.

29. At all relevant times, it was the duty of Defendant Hinds County and Sheriff Vance to sufficiently hire, train and retain personnel within the Detention Center and at the supervisory, and lower ranked levels so as to sufficiently discipline, supervise, and put into effect appropriate rules applicable to the duties, behavior and activities of their servants, agents, detention officers/correctional officers, jail/detention center employees and/or personnel.

30. Upon information and belief, the individually-named Hinds County Detention Center personnel including "John Does 1-6" that beat, and deliberately delayed medical care for two days were improperly trained, supervised and retained by Defendants Hinds County and Sheriff Vance. Furthermore, these individually-named Defendants responsible for Mr. Givens' injuries had prior histories of using excessive force and were known threats to members of the public and therefore improperly retained.

31. As a result of the Defendants' negligence in its training, supervisory and retention of the Defendant jailers, officers, sergeants and Detention Center personnel, the Plaintiff was caused to suffer grave injuries, without fault or contribution by the Plaintiff.

## FOURTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. §1983)

32. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 31, inclusive, as if fully set forth herein.

33. Upon information and belief, among the individually-named Defendants were supervisors, like Defendant Sheriff Vance and "John Does 1-6" who were assigned to supervise and control the actions of the named Hinds County Detention Center Jailers.

34. These Defendants violated their supervisory duties by failing to monitor, care for those in their custody like the Plaintiff, participating in and/or ordering the vicious attack on Mr. Givens, and failure to provide medical care thereafter, without justification. And once ordered, they failed to limit the attack, thereby making the use of force excessive and the punishment cruel and unusual.

## FIFTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. §1983)

35. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 34, inclusive, as if fully set forth herein.

36. Each of the individually-named Defendants had a duty to intervene when they saw illegal conduct taking place in connection with the excessive beating and failure to obtain medical care for Mr. Givens.

37. In particular, once Mr. Givens was brutally beaten and then seriously injured, the Defendants' failure to stop the attack and provide medical care violated that individually-named Defendants' duty to intervene and put a stop to the unconstitutional acts taking place.

38. The failure of these Defendants to do so contravened Mr. Givens' constitutional rights and violated 42 U.S.C. §1983. As a result, Mr. Givens suffered serious physical injuries, including loss of enjoyment of life.

## SIXTH CAUSE OF ACTION
### (Negligence of Defendants Sheriff Vance and John Does 1-6)

39. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 38, inclusive, as if fully set forth herein.

40. Defendants Sheriff Vance and "John Does 1-6" negligently failed to provide for the safety, security and protection of the Plaintiff by failing to comply with the County Detention Centers' own rules of conduct as it related to use of force, the monitoring of prisoners and getting medical assistance for prisoners in need. Hinds County had implemented a set of guidelines regarding use of force that prohibited the assault and battery of defenseless prisoners. The policies also required Detention Center guards to monitor prisoners and obtain medical care to those prisoners who were in obvious need of such care. The named Defendants' failure to do so was in violation of these policies and constituted negligence including the negligent infliction of emotional distress.

41. As a result of the foregoing, Plaintiff sustained serious physical injuries that resulted in significant injuries.

## SEVENTH CAUSE OF ACTION
### (Intentional Torts under Mississippi State Law – Assault and Battery)

42. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 41, inclusive, as if fully set forth herein.

43. As a result of the individually-named Defendants' actions, including the beating of the Plaintiff as well as forcefully entering the Plaintiff's jail cell without justification, the Plaintiff was wrongfully assaulted and battered without just or probable cause or provocation. These actions also resulted in the intentional infliction of emotional distress.

44. As a result of the foregoing, the Plaintiff suffered serious physical injuries, pain, and loss of enjoyment of life.

### EIGHTH CAUSE OF ACTION
### (Delay/Denial of Medical Care)

45. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 44, inclusive, as if fully set forth herein.

46. As a result of the individually-named Defendants' actions, including the reckless disregard for Plaintiff Darion Givens' medical condition and acting with deliberate indifference to a serious medical need, took actions to deprive him of his 8th and 14th Amendment rights to medical care.

47. Plaintiff suffered damages as a result of the aforementioned conduct as set out heretofore and hereinafter.

**WHEREFORE, THE ABOVE BEING CONSIDERED,** the Plaintiff respectfully prays for the judgment against all Defendants, including compensatory damages, punitive damages against the individually-named Defendants, any and all damages allowed by State and Federal law including attorney's fees under 42 U.S.C. §1988, pre-judgment interest, post-judgment interest, attorney's fees, in an aggregate amount well above the jurisdictional amount needed to bring this case in this Court.

Respectfully submitted, this the 6th day of February, 2020.

                                                   **DARION GIVENS, Plaintiff**

                                 **By:**    */s/ Carlos E. Moore*_____
                                                  **Carlos E. Moore, MSB# 100685**

OF COUNSEL:

**THE COCHRAN FIRM – MS Delta**
306 Branscome Drive
P. O. Box 1487
Grenada, MS 38902-1487
662-227-9940 – phone
662-227-9941 – fax
Email: cmoore@cochranfirm.com