```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF MISSISSIPPI
                    NORTHERN DIVISION
```

DARION GIVENS                                          PLAINTIFF

VS.                          CIVIL ACTION NO. 3:20-cv-42-TSL-RPM

HINDS COUNTY, MISSISSIPPI, ET AL.                     DEFENDANTS

ORDER

On May 13, 2022, defendants Hinds County, Mississippi and Marshand Crisler moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure as to plaintiff Darion Givens' federal claims in this cause based on plaintiff's failure to exhaust administrative remedies, as mandated by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e. See 42 U.S.C. § 1997e(a) (stating, "No action shall be brought with respect to prison conditions under section 1983 of this title or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). Defendants Melissa Ragsdale, Lt. Kinyetta McBride, Dino Pickett, and Kristopher Long, in their individual and official Capacities, joined in that motion. After securing a two-week extension, plaintiff filed a response in which he stated that he "agree[d] that he has not satisfied the requirements of exhausting administrative

remedies under the PLRA [and therefore] concedes to Defendant Hinds County, Mississippi and Sheriff Marshand Crisler's motion for summary judgment based on the PLRA." Plaintiff did not address therein or file a separate response addressing the position of the remaining defendants, as set forth in their joinder, that they, too, were entitled to summary judgment based on plaintiff's failure to comply with the PLRA's exhaustion requirement. Because of plaintiff's omission, the magistrate judge on June 15, 2022 entered a show cause order directing plaintiff to respond and show/clarify whether he intended to concede that he did not exhaust his claims against the joining defendants. Plaintiff has this day filed said response, stating therein that he "does not concede that the PLRA bars recovery from the individual defendants, in their individual capacities," and further states that he "still has viable claims that should proceed against the individual defendants, in their individual capacities as well as his state law claims against Hinds County, MS & Sheriff Marshand Crisler."

Despite plaintiff's failure to concede that defendants Ragsdale, McBride, Pickett and Long are entitled to summary judgment as to his federal claims on account of his admitted failure to exhaust, it is clear that summary judgment is in

2

order on those claims. See Porter v. Nussle, 534 U.S. 516, 532, 122 S. Ct. 983, 992, 152 L. Ed. 2d 12 (2002) (holding that the PLRA requires exhaustion of all claims concerning prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong); Williams v. Henagan, 595 F.3d 610, 618 (5th Cir. 2010) (explaining that PLRA exhaustion requirement applies to claims brought against defendants in both their official and individual capacities). Therefore, the court will grant the motion of all defendants for summary judgment as to plaintiff's federal claims.

Plaintiff has also asserted state law claims against all the defendants. However, as the court has determined that plaintiff's federal claims, which provided the sole basis for this court's jurisdiction, are due to be dismissed, the court, in accordance with 28 U.S.C. § 1367, declines to exercise supplemental jurisdiction over those state law claims. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if … the district court has dismissed all claims over which it has original jurisdiction."). The Fifth Circuit has repeatedly counseled dismissal of pendent state law claims wHere

federal claims which provide the basis for jurisdiction are dismissed early in the suit before discovery, stating:

> That alone supports dismissal of the state claims as "[o]ur general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed." Parker & Parsley Petroleum Co. v. Dresser Indus., 972 F.2d 580, 585 (5th Cir. 1992); see also Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988) (explaining that when federal claims are dismissed at an "early stage" of the litigation, the district court has a "powerful reason to choose not to continue to exercise jurisdiction"); Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc., 554 F.3d 595 (5th Cir. 2009) ("The general rule is that a court should decline to exercise [supplemental] jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial....").

Drake v. Costume Armour, Inc., 736 Fed. Appx. 505, 506 (5th Cir. 2018).[1]

Based on the foregoing, it is ordered that the motion of defendants Hinds County and Crisler, joined by defendants Ragsdale, McBride, Pickett and Long for partial summary judgment is granted and it is ordered that plaintiff's complaint in this

---

[1] Plaintiff will not be precluded from refiling his state law claims as the statute of limitations on those claims has been tolled while this case has been pending in federal court. See Norman v. Bucklew, 684 So.2d 1246, 1256 (Miss. 1996), overruled on other grounds, Jones v. Fluor Daniel Servs. Corp., 32 So. 3d 417 (2010) (statutes of limitations on plaintiff's state-law claims were tolled during the pendency of his federal litigation and could be timely filed following district court's dismissal without prejudice based on § 1367(c)(3)).

cause is dismissed without prejudice.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 6th day of July, 2022.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE